UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNIFER D. HARWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:12-CV-213-JD |
| ) | |
| GURLEY-LEEP AUTOMOTIVE SALES, LLC ) | |
| d/b/a TOYOTA OF MERRILLVILLE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

On June 19, 2012, Plaintiff Jennifer Harwood, by counsel, filed an amended complaint against Defendant Gurley-Leep Automotive Sales, LLC, and Defendants Michael Bauner, Ben Wilcher, and Ronald Eckert ("individual Defendants") in their individual and official capacities as "agents/officials of Gurley-Leep" [DE 6]. Ms. Harwood alleged that the Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by committing sex discrimination and then retaliating against her for opposing the unlawful discrimination, and she also asserted a state claim for damages resulting from an alleged assault and battery. Now before the Court is the individual Defendants' Partial Motion to Dismiss the Title VII claims [DE 12, 13]. Plaintiff's counsel did not file a response. Based on the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED [DE 12].

## I. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Generally speaking, when considering a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the "notice-pleading" standard. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The

notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

In recent years, the Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if there are well-pleaded factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chi*., 671 F.3d. 611, 615 (7th Cir. 2011) (citing *Iqbal* and *Twombly*). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citations omitted). However, a plaintiff's claim need only be plausible, not probable. *Indep. Tr. Corp.*,

665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*.  In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough fact to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Id*.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *see Iqbal*, 556 U.S. at 679 (citation omitted), and the Court will assess Plaintiff's claims accordingly.

## II.  DISCUSSION

Ms. Harwood alleges that her former employer, Gurley-Leep, and three former Gurley-Leep co-workers, the individual Defendants, violated Title VII and committed assault and battery during the course of her employment [DE 6, ¶¶ 1, 5, 7-9, 14-18, 42-45].  There is no dispute that the individual Defendants did not employ Ms. Harwood. *Id*.  Thus, the individual Defendants have moved to dismiss any Title VII claims alleged against them because Title VII does not impose liability against individuals who are not a plaintiff's employer [DE 12].  No response brief was filed by Ms. Harwood's counsel, likely on account of the fact that the well-settled law in the Seventh Circuit rejects Title VII claims against individuals. *See Passananti v. Cook County*, 689 F.3d 655, 662 n. 4, 677 (7th Cir. 2012) (noting that Title VII applies to all employers with more than 15 employees and authorizes suit "only against the employer"); *Carver v. Sheriff of LaSalle County, Ill.*, 243 F.3d 379, 381 (7th Cir. 2001) (noting that the individual defendant was not personally liable under a judgment for official capacity claims made pursuant to § 1983 and Title VII); *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995)

(holding that a supervisor, in his individual capacity, does not fall within Title VII's definition of employer); *see also Collins v. Meike,* 52 Fed.Appx. 835, 836 (7th Cir. 2002) (noting that the district court dismissed as "redundant" the Title VII claim against Meike in her official capacity because the employer was also a party, and dismissed the Title VII claim against Meike in her individual capacity because Meike was not an employer for purposes of Title VII); *Robinson v. Bayer Healthcare, LLC*, No. 3:07-CV-486-JVB, 2008 WL 2225801 (N.D. Ind. May 29, 2008) (Van Bokkelen, J.) (holding that an official capacity claim is just another way of stating a claim against the principle and the plaintiff cannot bring a Title VII claim against the individual defendant).  Ms. Harwood provides no argument for why the Title VII claims alleged against the individual Defendants, who cannot be held individually liable, should not be dismissed with prejudice given that her former employer is also a named Defendant.  Accordingly, the Court will grant the individual Defendants' request to dismiss the Title VII claims pending against them.

### III.  CONCLUSION

Based on the foregoing, the Court GRANTS the Defendants' Motion to Dismiss [DE 12], in that only the Title VII claims alleged against Defendants Michael Bauner, Ben Wilcher, and Ronald Eckert are DISMISSED WITH PREJUDICE.

SO ORDERED.

ENTERED: November 29, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court